Matter of 382 McDonald LLC v New York City Indus. Dev. Agency (2025 NY Slip Op 05914)

Matter of 382 McDonald LLC v New York City Indus. Dev. Agency

2025 NY Slip Op 05914

Decided on October 28, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 28, 2025

Before: Kern, J.P., Scarpulla, Mendez, Rodriguez, Rosado, JJ. 

Index No. 161947/23|Appeal No. 5058|Case No. 2024-04647|

[*1]In the Matter of 382 McDonald LLC, Petitioner-Appellant,
v
New York City Industrial Development Agency et al., Respondents-Respondents.

Zarin & Steinmetz LLP, White Plains (Lee J. Lefkowitz of counsel), for appellant.
Muriel Goode-Trufant, Corporation Counsel, New York (Rebecca L. Visgaitis of counsel), for New York City Industrial Development Agency and New York City Economic Development Corporation, respondents.
Sheldon Lobel, P.C., New York (Richard S. Lobel of counsel), for 302 Meat Corp. and 302-306 Church Realty Corp., respondents.

Judgment (denominated an order), Supreme Court, New York County (Arlene P. Bluth, J.), entered or about July 2, 2024, denying the amended petition to annul the November 8, 2023 resolution and April 23, 2024 amended resolution of respondent New York City Industrial Development Agency (IDA) to approve the application of respondent 302 Meat Corp. for tax incentives under the City's Food Retail to Support Health (FRESH) program, and seeking to annul the underlying negative declaration of environmental impact issued by respondent New York City Economic Development Corporation (EDC), and dismissing this hybrid proceeding brought pursuant to CPLR articles 30 and 78, unanimously affirmed, without costs.
Supreme Court properly found that petitioner lacks standing to challenge the agency action here regardless of whether the challenge is based on the project's potential to harm petitioner's competing supermarket or based on alleged traffic impacts. As to standing based on harm to petitioner, competitive injury by itself does not confer standing to challenge an administrative determination (Matter of Sun-Brite Car Wash v Board of Zoning & Appeals of Town of N. Hempstead, 69 NY2d 406, 415 [1987]; Hunts Point Term. Produce Coop. Assn., Inc. v New York City Economic Dev. Corp., 36 AD3d 234, 247 [1st Dept 2006], lv denied 8 NY3d 827 [2007]). Despite petitioner's arguments otherwise, the General Municipal Law, from which the IDA derives its authority to grant financial assistance to proposed projects, does not have an "overriding legislative purpose" of preventing destructive competition (Matter of Dairylea Corp. v Walkley, 38 NY2d 6, 11 [1975]). Rather, the statute seeks to "promote, develop, encourage and assist" the renovation of commercial spaces to "advance the job opportunities, health, general prosperity and economic welfare of the people" (General Municipal Law § 858). As to standing based on alleged traffic impacts, petitioner does not allege, much less prove, that its injury is any different from the injury faced by most members of the public (see Matter of Save the Pine Bush, Inc. v Common Council of City of Albany, 13 NY3d 297, 306 [2009]; Matter of Mobil Oil Corp. v Syracuse Indus. Dev. Agency, 76 NY2d 428, 433 [1990]).
We have considered petitioner's remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 28, 2025